JUDGE PRYOR
delivered the opinion or the court.
The appellant was indicted in the Jefferson Circuit Court and convicted of the crime of grand larceny, the allegation in the indictment being that he feloniously took and carried away four chandeliers of the value of $40, the property of one I. B. Webster. It appeared from the proof in behalf of the state that the chandeliers were attached to the house of Webster-by being screwed into a gas-pipe that was fastened or attached to the ceiling. In this condition they were detached from the pipe and carried off by the accused, and it is now maintained by counsel that being annexed to the freehold they were not the subject of larceny, and his client was only a trespasser. If we adhere to the rule of the common law, it will be found that fixtures when they are attached to the freehold or savor of the realty, can not be made the subject of larceny when severed and carried away by one continuous act.
*33 In determining whether the proper!/ taken was a part of the realty or a mere personal chattel, the test seems to have been, would the property alleged to have been stolen have passed by descent from the owner to the heir or to the vendee of the owner upon a conveyance of the freehold.
There can be no question but that in this case the chandeliers would have passed to the vendee of the land, or by descent to the heir on the death of the owner in fee, and if the severance by the accused does not convert them into personalty in a case where the chattel is only constructively annexed, the appellant in this case was only guilty of a trespass. At the common law things real or things that savored of the realty could be converted by the thief into personalty, if after detaching them he left them on the soil of the owner, for a moment only, and returning carried them off; in other words, if left on the freehold of the owner for a moment after it is detached, it is personalty; but if kept in the hands of the thief until he leaves the premises, it is a part of the realty.
This technical distinction must have originated from the desire to punish the offender, as there seems to be but little reason for the rule, and the modern authorities, instead of following the common-law doctrine on the subject, apply it only to things issuing out of or growing upon the land and such as adhere to the freehold, but not to personal chattels that are constructively annexed thereto. (Ewell on Fixtures, 451.) As between landlord and tenant, if the chandeliers had been placed in the building for the temporary use of the tenant, the right of removal on the part of the tenant could have been asserted, and the rule of law making such ornaments or necessary appendages to the freehold a part of' the realty as between vendor and vendee, and personalty as between landlord and tenant, should not be allowed to shield the thief from punishment by limiting his responsibility to a question of damages in an action of trespass. In all such cases it *34 is immaterial whether the carrying away was immediate and continuous, or removal was at different periods after severance; the party is guilty of larceny if there was a felonious taking.
Judgment affirmed.