# Hackett, Etc. v. Rosenham, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

PETITION FOR NEW TRIAL—PRACTICE.—After a judgment had been reversed by this court and before judgment had been entered pursuant to the mandate which fixed the judgment to be entered at a less sum than that obtained on the original trial, one of the parties to the suit filed a petition impeaching the judgment on the ground of newly discovered evidence and fraud of the successful party in the obtainment of the judgment thus modified and directed to be entered; and it is held by the court that he was entitled to have his petition filed, process issued on it and a trial of the issue of fraud and newly discovered evidence thus tendered.

WILLIAM H. HOLT FOR THE APPELLANTS.   (A. E. WILLSON OF COUNSEL).

The filing of the petition for a new trial was proper because nothing remained to be done but to enter judgment in accordance with the mandate of this court, and the filing of the petition for a new trial reached the result directly. McLean v. Nixson, 18 B. M., 768; Maddox's Exr. v. Williams, 87 Ky., 147; Scott v. Scott, 9 Bush, 174; Civil Code, Secs. 518-520.

BARNETT, MILLER & BARNETT FOR THE APPELLEES.

1. When the mandate and opinion of the Court of Appeals directs the lower court to enter a certain judgment, the lower court must follow the mandate and opinion, and it is not error to refuse the filing of an amended answer seeking to vacate the judgment.   Scott v. Scott, 9 Bush, 174.

2. The grounds for a new trial must be set up within the time prescribed by the code, by filing petition in the clerk's office and issuing summons thereon.   Civil Code, Sec. 344; Scott v. Scott, 9 Bush, 174.

3. Interest is allowed by way of punishment for an illegal conversion or use of another's property.   Field v. Burnam, 3 Bush, 518.

Hackett, etc., v. Rosenham, etc.

4. When all of a certain kind of whisky is owned by one person, and he fixes the price at a certain sum, that sum is the market price.

5. Attorneys at law have a lien upon all claims or demands put into their hands for suit or collection, upon which suit has been instituted, for the amount of any fee which may have been agreed upon, or in the absence of an agreement, for a reasonable fee for such services, and if the action is prosecuted to a judgment, they shall have a lien upon the judgment for money for such fee. Ky. Stat., Sec. 107.

6. The judgment appealed from does not decide anything in favor of or against Essie R. Johnson; therefore, the judgment as to her is not appealable.

SAME COUNSEL FOR APPELLEES IN A PETITION FOR A REHEARING

1. A petition to vacate a judgment must be filed within three years after the rendition of the judgment. In this case the petition was not filed within that period, and the right to use that remedy is barred. Civil Code, Sec. 344; Anderson, &c., v. Meredith, 10 Ky. Law Rep., 460.

2. Such petition must be filed at the second term after discovery provided it is made within three years after the rendition of the judgment. Sec. 344 Civil Code; Nickell v. Fallen, &c., 15 Ky. Law Rep., 389.

3. The terms of the Jefferson Circuit Court, or the time in which that court has control over its judgments, is sixty days. Ky. Stat., Sec. 988; Johnson v. Johnson, 88 Ky., 275; Johnson v. Stivers, 95 Ky., 128.

4. The court may determine the question of limitation on demurrer to the petition, when it is apparent that plaintiff has no cause of action, and that there is no exception and can be none to the statute. Chiles v. Drake, 2 Met., 146; Rankin v. Turney, 2 Bush, 555; Board v. Jolly, 5 Bush, 86; Stillwell v. Leavy, &c., 84 Ky., 379.

WM. H. HOLT FOR THE APPELLANT IN A RESPONSE TO THE PETITION FOR A REHEARING.

Additional citations: Civil Code, Secs. 340, 344, 513; Bean v. Haffendorfer Bros., 84 Ky., 685.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In the appeal of W. M. Collins & Co. v. L. E. Rosenham this court reversed the judgment appealed from because it fixed the value of the whisky recovered by plaintiff at sixty cents per gallon, when the proof showed that it was not worth exceeding fifty, and for the additional reason that the lower court overruled appellant's motion to correct the taxation of costs for taking certain depositions in New York; and the case was remanded with instructions to correct the judgment appealed from in these respects; otherwise it was not disturbed (See 19 Ky. Law Rep., 1449). Upon the return of the case to the lower court appellants filed the opinion and mandate of reversal and consented that the action should be revived in the name of Collins' executor, one of the appellants, and agreed that the court might at once take up the action and render judgment in accordance with the opinion and mandate. Before this was done Hamburger Company filed an intervening petition, asserting a lien upon the judgment recovered by Rosenham, of Collins & Co., by virtue of an attachment served upon appellant as garnishee, and on January 29, 1898, plaintiff filed an amended petition making Hamburger Company and Crone & Co. (who had also attached the judgment as creditors of Rosenham) and Essie R. Johnson defendants, alleging that each of them was claiming the judgment.

Essie R. Johnson filed her answer, making same a counterclaim against plaintiff and cross-petition against Hamburger Company and Crone & Co., and alleged that in the year 1891 the plaintiff, L. E. Rosenham, was indebted to her in the sum of $3,700, and as part payment thereof, in 1894, after the rendition of the judgment in

favor of Rosenham in the lower court, he executed and
delivered to one Charles J. Rosenham a writing whereby
he assigned all of his right and interest in the claim sued
on, in trust for the use and benefit of defendant, and that
she had been the owner and holder of the claim ever
since such assignment, and that the attachment suits of
Hamburger Company and Crone & Co. were both insti-
tuted long subsequently to the assignment of the judg-
ment to Charles J. Rosenham for her benefit, and asked
the court to adjudge the title to the fund in controversy
to her

On February 4, thereafter, appellant Hackett moved the
court to set aside the judgment of December 23, 1893, and
by leave of court, filed his petition in the same case as
surviving partner of the firm of Collins & Co., for a new
trial and to vacate the judgment, upon the ground that
the answer and cross-petition of Essie R. Johnson re-
vealed to him for the first time that the plaintiff, L. E.
Rosenham, was under obligations to transfer his judgment
for the fifty barrels of whisky to Essie R. Johnson (who
was the wife of the Johnson who was a member of the
firm of Dickerson & Co.), and contends that this fact—
considering the relations which L. E. Rosenham bore to
Essie R. Johnson—is conclusive evidence of knowledge
on the part of Rosenham that the firm of Dickerson &
Co. bought the whisky in question with the antecedent
purpose of not paying for it, and that he was acting in
collusion with them in such fraud upon appellant. It is
also claimed that by suppressing the fact of this transfer
to Johnson's wife and of her interest therein, he was
successful in obtaining the judgment appealed from, and

that it is sufficient evidence to authorize the court to grant a new trial.

All the issues which were tried out in the case of Rosenham v. Collins & Co. were fully disposed of by the opinion in that case, and the mandate which issued pursuant thereto, and all that the lower court could properly do upon the return of the case was to enter the judgment indicated by the opinion. As we understand, the purpose of appellant in his petition for a new trial is not to prevent the entry of the modified judgment which the lower court was directed to enter by the mandate of this court, as appellee seems to think, but to vacate the judgment originally appealed from, as modified by the court, and the grounds he relies on—newly discovered evidence and fraud practiced by plaintiff in obtaining the judgment—are good grounds under the code for vacating the judgment.

It is insisted by appellee that appellant, in filing his petition for a new trial in the old record, by leave of court, has not pursued the mode pointed out by section 344 of the Civil Code, which requires the application for a new trial on grounds discovered after the term at which the decision is rendered, to be by petition filed with the clerk, on which summons shall issue, and which application shall stand for hearing at the term to which the summons is returned executed; and he relies, to support his contention, chiefly upon the case of Scott v. Scott's Exor., 9 Bush, 176. In that case the pleading offered to be filed was offered as an amendment to the original answer, treating the case as still in court for further preparation, and the prayer was not for a new trial and for a modification or vacation of the judgment, but for

credits for sums set up in the answer as payments on the debts sued for, and the court refused to permit the amended answer to be filed, for the reason "that by section 344 of the Civil Code appellants had the right to file their petition for a new trial, independent of the action of the circuit court, with the clerk; and even if after the court had refused to permit the amended answer to be filed, they had presented it in the character of a petition to the clerk of the court and filed it with him, the rejection of the answer by the court would have presented no obstacle; that the order did not preclude nor affect that right secured by the section of the code, and as the petition for a new trial was their only legal remedy and was not interfered with by the judgment complained of, they had not been prejudiced thereby."

The pleading filed by appellant by leave of court in this case is entirely different from the one rejected in the Scott case. Here it is a petition for a new trial and to vacate the original judgment as modified or entered anew under the mandate. That it was filed by leave of court in the original suit, instead of with the clerk as a separate and independent action, does not change its nature, and was not prejudicial to appellee because in strictness filed prematurely. He was not bound to take any notice of it until after process had been issued thereon and served on him, and it did not stand for trial until the next regular term after such service. But it is essentially a suit which must be tried and determined by the ordinary rules of pleading. If appellee Rosenham wished to test the sufficiency of the fact relied on to support the action, the proper mode of procedure for him would have been by demurrer thereto, or answer.

Appellant was certainly entitled to a trial on the issues raised by his pleading. The lower court treated the proceeding precisely as a motion for a new trial for errors occurring on the trial and overruled it as such a motion, and made the rule absolute requiring appellant to pay the money into court, without requiring appellee to plead in any way. This was an error, and for the reasons indicated the judgment is reversed and the cause remanded for proceedings consistent with this opinion.