## Eaton v. Commonwealth.

(Decided October 10, 1930.)

H. H. FUSON for appellant.

J. W. CAMMACK, Attorney General (HOWARD BLACK, of Counsel) for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

J. J. Eaton appeals from a judgment imposing upon him a year of confinement in the penitentiary for grand larceny. Some one entered the mine of the Wilson-Berger Coal Company and cut down and removed several hundred feet of copper wire. This wire is what is known as "figure 8 wire," and, before it was cut down, it was attached to posts in this mine and was used as a trolley wire.

When they undertook to sell this wire to one Dutch Bryant, J. H. Smith and J. J. Eaton were arrested and charged with larceny.

Some interesting questions are presented by this record. One cannot steal real estate. Only personal property is the subject of larceny, but many things personal, attached to the realty, are the subject of larceny. See 17 R. C. L. p. 33, sec. 36; 36 C. J. p. 741, sec. 20.

In the case of Clement v. Commonwealth, 47 S. W. 450, 20 Ky. Law Rep. 688, we affirmed a judgment where the proof showed that the property stolen was some copper boxes that had been attached to and used in connection with a still, and in Smith v. Commonwealth, 77 Ky. (14 Bush) 31, 29 Am. Rep. 402, we affirmed the judgment where the property stolen consisted of some chandeliers. In each of these instances, the property was attached to the realty and was detached by the thief, so we conclude that there is nothing in this contention.

The evidence shows the value of this wire as it was in the mine was about $40, exclusive of the labor and cost of erecting it. That was its value in its whole condition after the boys cut it down. At the time these boys were arrested, this wire had been cut into pieces about 30 inches long, and they offered proof that in that condition it was worth less than $20.

In 36 C. J. p. 801, we find this: "The act of the thief in smashing a valuable piece of machinery and reducing its value to that of old iron, before stealing it, will not reduce the grade of the offense from grand to petit larceny."

In 17 R. C. L. p. 66, sec. 71, it is written: "The market value of the property at the time and place of the theft is the proper value of the property."

In State v. Albert, 117 Or. 179, 242 P. 1116, the property stolen was some machinery in a mill which the thief broke up and sold as junk, and the court held that its value was to be determined by its market value in the condition it was there in the mill when the thief first came upon it, and not by the value to which he reduced it in order to remove it. In Gettinger v. State, 13 Neb. 308, 14 N. W. 403, the thing stolen was a cast iron balance wheel which the thief broke up to enable him to more conveniently carry it away. The proof showed that, as a wheel, it was worth $150, while as scrap iron it was worth less than $20. Gettinger was convicted of grand larceny, and the judgment was affirmed.

From these authorities we are persuaded the court did not err in refusing to admit evidence as to the value of this wire after it was cut up into junk.

Eaton is contending here that the court should not have allowed the arresting officers to testify to what these boys said on their way to town after their arrest, about having got this wire from the Wilson-Berger Coal mine, but there were no objections when this evidence was offered, and, if there had been an objection, the court should have admitted it anyway, because there is no evidence that it was obtained through any threat, fright, or compulsion.

Eaton contends that the court should have given an instruction on petit larceny, but there was no evidence to warrant such an instruction except the proffered evidence as to the value of the wire after the boys had cut it up, a question which we have decided against him.

On the trial, Eaton contended that they had bought this wire from a fellow by the name of Brock, and they are contending here that they should have an instruction on knowingly receiving stolen property, but the offense of larceny and the offense of knowingly receiving stolen

property are not degrees of the same offense. See Goodin v. Commonwealth, 235 Ky. 349, 31 S. W. (2d) 380.

It is no defense to an indictment under one statute that a defendant might have been punished under another. See State v. Donahue, 75 Or. 409, 144 P. 755, 147 P. 548, 5 A. L. R. 1121.

Finding no errors, the judgment is affirmed.