PER CURIAM.
By these consolidated criminal appeals, the appellant seeks review of the two convictions after being informed against for the crime of grand larceny, tried non-jury, adjudicated guilty, and sentenced accordingly. The principal points on appeal are the sufficiency of the evidence, in one case as to the identity of the appellant as the culprit and in the other case as to the value of the articles taken. We affirm.
As to the identity of the appellant, the record reveals evidence by a victim that the appellant was the culprit who committed the crime. This being in the record, together with the evidence of his fingerprints on sunglasses found in the proximity of the scene of the crime [which were lost by the culprit while fleeing the scene] is ample, competent, sufficient evidence to support the question of identity. Wright v. State, Fla.App.1966, 182 So.2d 264; Gibson v. State, Fla.App.1968, 208 So.2d 128, 129; Jenkins v. State, Fla.App.1968, 211 So.2d 242.
The victim in the other larceny testified as to the value of the articles taken [a medical bag and its contents] on the date of the event. This evidence is sufficient to sustain the burden of proving value to support the charge of grand larceny. See: Kearson v. State, 123 Fla. 324, *809 166 So. 832; Luker v. State, 23 Ala.App.379, 125 So. 788; People v. Dell, 77 Ill.App.2d 318, 222 N.E.2d 357; Tucker v. Commonwealth, 241 Ky. 629, 44 S.W.2d 584; Carson v. State, 30 Okl.Cr. 438, 236 P. 627; Anno. 37 A.L.R.2d, p. 1000, § 25 and cases cited therein. The appellant relies on Lambert v. State, Fla.App.1959, 111 So.2d 68 for reversal on this point. We find this decision to be inapplicable; it relates to cost of the purloined article purchased prior to the larceny, whereas the victim in the instant case testified as to the value of the articles on the date they were taken.
We have examined the other contentions urged by the appellant and find no merit in them. Therefore, for the reasons above stated, the judgment of convictions and sentences thereon be and the same are hereby affirmed.
Affirmed.