DeCARLO, Judge,
dissenting.
The subject of the larceny in question was copper wire belonging to the Southern Pine Electric Cooperative, a corporation. The wire was attached to vertical poles which were imbedded in the ground several feet. It is without dispute that the defendants cut the wire from the pole in a quantity sufficient to make seven rolls. The inescapable inference being that the wire, once removed from the poles was wound up in rolls.
In Fuller v. State, 34 Ala.App. 211, 39 So.2d 24, a case analogous in principle to the one under consideration, this court concluded that logs severed from the land and bunched for some indefinite time prior to being hauled away were personalty and therefore subject of larceny.
The court did not find that any specific amount of time should elapse between the acts of severance and asportation. In every case where articles have been severed from the real estate there always exists a point of time between the severance and its as-portation. I can see no difference between an instant in time and a period of hours. For in that interval, brief as it may be, the property becomes personal property and its felonious taking should be larceny.
It is true that the common law rule of larceny, was that, where the article taken was, in fact, in law a fixture, to constitute the crime, severance and asportation must be separate and distinct acts. Mr. Wharton holds that a common law larceny cannot be committed of things which savor of the realty, though when severed, the rule is otherwise; and that no particular interval of time is necessary between the severance and the asportation, only that the two acts must be separated by time, so as not to constitute one transaction. Wharton’s Crim.Law and Procedure, § 490.
It is inferable from the evidence that when the copper wire was severed from the pole it was placed on the ground and wound in rolls. At that point they became personalty with the property right vested in the Pine Electric Cooperative. As such, the wire was subject to theft, and its subsequent asportation and conversion, without the owner’s consent and with the intent to deprive the corporation of their ownership, constituted larceny. Fuller v. State, supra; Junod v. State, 73 Neb. 208, 102 N.W. 462; Eaton v. Commonwealth, 235 Ky. 466, 31 S.W.2d 718.
*1391 The old rule, and the rule followed by the majority in the ease before us, that severance and asportation of things annexed to realty should be distinct and separate acts has been discarded by many states. Even in those where it is followed it has been confined within the most narrow limits.
The severance does not destroy the title or the constructive possession of the owner, it still remains his property in its altered condition. Its asportation, though almost immediate, is as much a felonious taking of personal property of another from his possession and without his consent as if the wrongdoer had severed it on one day and removed it the next.
The theft of personal property severed from real estate is generally done with great secrecy, without fanfare and without engraved invitations. It places almost an impossible burden on the State to prove that the severance and asportation were not one continuous act. Such a rule, having its inception in antiquity, seems to be beneficial to thieves, and the adherence to such a rule would make the stealing of property severed from the realty a lucrative occupation for thieves. This rule appears to be fraught with technical niceties which have resulted in what appears to be pure absurdity and a proverbial license to steal.
The better rule it seems to me, is once the property is severed from the realty, the property is converted to a chattel and if the thief removes it with a felonious intent he is guilty of larceny, irrespective of the time employed in the removal.
Under the facts presented in the instant case and the law cited in support, it is my judgment that this case should be affirmed. For these reasons I dissent.
HARRIS, J., joins in this dissent.