## Gross, et al. v. Commonwealth.

(Decided December 6, 1912.)

### Appeal from Perry Circuit Court.

1.  Homicide—Where Two Persons Were Killed At One Time—Evidence of Killing of Both Upon Trial of One.—Upon the trial of appellants for the killing of Johnson, it was not prejudicial error to permit the introduction of evidence that Davidson had been shot and killed by one or more of them, it appearing that the two men were killed at practically the same instant; were riding the same horse and were killed by the same party or parties and probably by the same shot.

2.    Homicide—Instructions.—While the instruction defining murder, and the one dealing with the aiding and abetting feature of the homicide, do not give the defendant who actually fired the shot the benefit of the plea of self-defense, only giving him the right to defend his codefendants, this error is cured by the third instruction which defines the right of self defense and gives each of the appellants the benefit thereof.

JOHN C. EVERSOLE, F. J. EVERSOLE, JOHN B. EVERSOLE, WOOTON & MORGAN and E. C. WOOTON for appellants.

JAMES GARNETT, Attorney General, O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The 15th of February, 1912, was fixed as the time for the trial, at Buckhorn, in Perry County, before the police judge, of Willie and Andrew Johnson, charged with some misdemeanor growing out of reprehensible conduct the Sunday night before at the church in that town. An attempt was made at the time to arrest them, but they resisted and escaped. The four appellants, Ned and Jordon Gross, Steve Sandlin and Charley Riley, were the chief witnesses against the two boys upon the charge aforesaid. It appears that prior to this time there had been some hostile feeling between some of the appellants and Levi Johnson, an uncle of the two boys, and it is manifest that the feeling was aggravated by the occurrence at the church. On the morning of the 15th of February, Levi Johnson, John Davidson, Thomas Deaton, Joe Smith and the two boys, Willie and Andrew Johnson, went to Buckhorn from the home of Granville Johnson, about two miles distant, for the purpose of attending the trial; but when they reached there they ascertained that Granville Johnson, who had preceded them, had already succeeded in having the police judge continue the trial to another day. They proceeded to the home of the police judge, where they remained a while, and from there to the home of Levi Johnson, who lived in another part of the town. It appears that the six, all of whom were related in one way or another remained together or practically so the whole day; and it further appears that the two Grosses and Sandlin, who were also related, and the appellant, Riley, their associate, had frequent conferences during the day and remained together most

of the time. It is manifest from the whole record that both parties expected trouble during the day, and it is equally plain that neither party took any great precaution to avoid it. After having taken dinner at Levi Johnson's, the Johnson party started back to Granville Johnson's, Levi Johnson and John Davidson riding the same horse. The two Grosses and Riley were standing in front of a store near the postoffice and Sandlin was at his residence a short distance away. After the Johnson party left the postoffice where they had stopped a short time, some words passed between John Davidson and one of the Grosses; and thereupon the two Grosses hastily repaired to a coal house near the residence of Sandlin and the shooting began. The evidence is conflicting, both as to who began the wordy altercation and as to who fired the opening shots; but it is manifest that the appellants were well prepared for the difficulty, as it appears that the two Grosses each had their pistols and that Sandlin had his shotgun conveniently near in his home, loaded with buckshot, and that Riley had that day brought his gun from his home and had it in the Sandlin residence. After the firing of the first two or more shots with the pistols, Sandlin, through a window in his house, fired two shots with his double-barreled shotgun, and subsequently there was a general firing from both sides. Levi Johnson and John Davidson were each shot several times and lived only a few minutes. The appellants, at the March term of the Perry Circuit Court, were all four indicted, charged with the murder of Levi Johnson in one count, and in another Ned Gross and Steve Sandlin were charged with his murder and Jordon Gross and Charley Riley with being present and aiding and abetting in the same. They were each found guilty of manslaughter, on a joint trial, and all appeal.

They complain that the lower court permitted the Commonwealth throughout the trial to keep before the mind of the jury, by the introduction of its evidence, the fact that John Davidson had also been shot and killed by one or more of appellants, although the appellants were only on trial for the killing of Levi Johnson; and insist that it was prejudicial error to permit evidence of the commission of one crime to go before the jury when the defendants were on trial for another. In a proper case the point would be well taken; but it appears here that the two men, Johnson and Davidson,

were killed at practically the same instant, that they were riding the same horse, that they were killed by the same party or parties and possibly even by the same shot. We cannot see how in any practical way the court could have avoided keeping from the attention of the jury at all stages of the trial the fact that some one or more of the appellants had killed John Davidson as well as Levi Johnson. It would have been impossible in fact to have introduced the evidence before the jury in such way as to enlighten them as to the whole transaction, without continually keeping before them the patent fact that John Davidson was killed at the same time and practically under the same circumstances as Levi Johnson. Miracle v. Commonwealth, 148 Ky., 453.

The first instruction is the one defining murder, and the second deals with the aiding and abetting feature. It is complained of both of these instructions that they do not give the defendant who actually fired the fatal shot the benefit of the plea of self-defense, but only give to him the right to defend his co-defendants. And this is true; but in the third instruction this error is cured, as that instruction is a well and carefully drawn definition of the right of self defense and gives each of the appellants the full benefit thereof.

A careful reading of the record is most convincing that appellants have each had a fair and impartial trial.

Judgment affirmed.