## Short v. Commonwealth.

(Decided March 2, 1920.)

## Appeal from Harlan Circuit Court.

1. Criminal Law—Justices of the Peace—Malfeasance—Indictment and Information.—An indictment which charges a justice of the peace with the offense of malfeasance in office by failing to report to the circuit court and pay over money collected on fines is not bad for duplicity, if it merely charge that he collected three different fines and failed to report them, for the gravamen of the offense of malfeasance in office under sections 3748 and 4252 Kentucky Statutes is in willfully and corruptly failing to report and pay the money collected in fines, which is but one act and constitutes but one offense.

2. Criminal Law—Malfeasance—Of What Offense Consists—Indictment and Information.—The offense of malfeasance in office may consist of several acts, either one of which may constitute an indictable offense; but if the Commonwealth elect to indict a defendant for malfeasance in office for failing to do the several acts, either one of which may have been sufficient to render him guilty of the offense, yet the indictment is not bad nor the instructions objectionable if they follow the indictment, but the Commonwealth will be barred from a second prosecution for either of the offenses named in the specifications of the indictment.

HALL and JONES for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Frank Short, a justice of the peace in Harlan county, was indicted in the Harlan circuit court for malfeasance in office alleged to have been committed by withholding money paid on certain fines collected by him in his official capacity, and not reported to the Harlan circuit court as required by section 4252 Kentucky Statutes. Short was found guilty on a trial before a jury and his punishment fixed at a fine of $100.00, and his office adjudged vacant in pursuance to section 3748 Kentucky Statutes. From that judgment he appeals to this court. His chief complaint is that the indictment is bad for duplicity and he also insists that the instructions are erroneous because they follow the indictment. The indictment reads as follows:

"Harlan Circuit Court.

"The Commonwealth of Kentucky, - - - - Plaintiff,
              vs.              Indictment.

Frank Short, - - - - - - - - - - Defendant.

"The grand jury of Harlan county, in the name and by the authority of the Commonwealth of Kentucky, accuse Frank Short of the offense of malfeasance in office committed in manner and form as follows, viz.: The said Frank Short in the state and county aforesaid, and on the 11th day of January, 1919, and before the finding of this indictment, did unlawfully and wilfully and knowingly, while acting as justice of the peace, after having been duly elected and qualified as such in magisterial district No. 2, Harlan, try and fine Frank Clark in two cases, $2.50 each for violation of the penal laws of the state, and also try and fine Will Schuler for violation of the game and fish laws of the state and fixed the fine at $50.00, all of which fines were collected by him in his official capacity and wilfully and corruptly failed and refused to report or account for said fines or either of them to the Harlan circuit court or any other court or office but appropriating same to his own use. Against the peace and dignity of the Commonwealth of Kentucky.

"J. G. Forester,
Commonwealth's Attorney, 26th
Judicial Dist. of Kentucky.

"Witness for the Commonwealth:

"W. H. Shoop."

It is insisted by appellant Short that the indictment charges him with the commission of three separate offenses and in that respect violates section 126 of the Criminal Code, which provides that an indictment must charge but one offense. It is true that the indictment avers that Short, while acting as justice of the peace, tried Frank Clark in two separate cases on different days and fined him $2.50 in each case and collected the fines, and that he also tried Will Schuler in another case and fined him fifty ($50.00) dollars, which he collected; but the indictment accuses Short of malfeasance in office, committed by willfully and corruptly failing, while a justice of the peace, to report or account for money collected on fines to the Harlan circuit court. Malfeasance in office is the offense charged in the indictment, and if this offense was committed by Short, it was by wilfully and corruptly failing and refusing to report the money

collected on fines as provided by section 4253 Kentucky Statutes, which is but a single offense. If Short had tried twenty different cases on twenty different days, and had collected the fines, and on the first day of the circuit court had failed to report the fines he would have become guilty of malfeasance in office, not by reason of having inflicted and collected the fines, but by the act of failing and refusing to report the money collected on the fines to the circuit court. Before the Harlan circuit court met the three fines mentioned in the indictment—two against Frank Clark and one against Will Schuler—were imposed and the money collected, according to the allegations of the indictment, and all this was lawful, but when Short willfully and corruptly failed and refused to report this money on the first day of the circuit court, as required by statute, he became guilty of the charge, malfeasance in office, named in the indictment. In the case of Commonwealth v. Crowell, 60 S. W. 179 (Kentucky), the indictment was attacked for duplicity because while charging a common nuisance by maintaining houses of ill fame, it averred that the defendant "did unlawfully and willfully let, rent, hire, and furnish certain houses in the city of Maysville, Mason county, Kentucky, Nos. 505, 507, 509 and 511 East Third street, . . . to certain persons whose names to this grand jury are unknown, of lewd and lascivious habits for the purpose stated in the indictment aforesaid," and we held the indictment good, although there were several different houses in which it was alleged the nuisance was carried on, because the charge in the indictment was not duplicitous, being a common nuisance, but a single charge into which several elements and acts entered. It is true that either of the houses of ill fame was a nuisance, but under the indictment charging a nuisance it was competent to prove that the defendant unlawfully maintained these several places at the same time as a part of the common nuisance. In fact a common nuisance does not consist in one act but in numerous acts, many times each act constituting a separate indictable offense. The general rule seems to be that where a single public offense is charged in an indictment, but in the specifications thereof several separate acts are alleged as constituting the offense charged in the accusatory part of the indictment, it is not bad for duplicity if all of these acts tend to constitute and support the charge for which the defendant is to be tried; and this is true even though each act might

constitute a separate offense if the Commonwealth had chosen so to indict the defendant.

Acts of omission or commission which form component parts of or represent preliminary stages of a single transaction may be charged together. 22 Cyc. 378.

Federal courts have held that two distinct. independent offenses cannot be alleged in one count, nevertheless it may occur in a given case that the two supposed offenses may be so dependent as successive acts in one transaction as to constitute really but one offense.

The Supreme Court of Connecticut has held that distinct sales to different persons at different times may be charged in one count as constituting a single offense. Kilborn v. State, 9 Conn. 560.

An indictment is not bad for duplicity, according to the rule adopted in Indiana, for joining in one count as one offense, offenses committed at the same time by the same person as parts of the same transaction, and subjecting. defendant to the same punishment. Davis v. State, 100 Ind. 154.

In the case of Fahnestock v. State, 102 Ind. 156, it was held that an indictment which charges the defendant with only one offense, as the same is defined in the statutes, is not bad for duplicity, merely because it charges him with the commission of several distinct acts at the same time and place, either one of which would be sufficient alone to constitute a proper charge of such offense.

The rule is much the same in Missouri, where it has been held not to be error to charge in one indictment the commission of several acts, all of which go to constitute one offense. State v. Palmer, 4 Mo. 453. So it has been held in New Jersey that where the acts imputed are component parts of the same offense the pleading is not objectionable on the ground of duplicity. Farrell v. State, 54 N. J. Law 416.

An indictment for breach of the peace, reciting several different acts as a part of the one transaction constituting the breach of the peace is not duplicitous under the rule adopted by the courts of Vermont. State v. Matthews, 42 Vt. 512.

Malfeasance in office is an offense which is generally made up of several distinct acts, and the Commonwealth may elect to indict a defendant in one case only although it might be competent on the facts proven to return several indictments for the offense of malfeasance; and in

case the Commonwealth should determine to indict the officer in one case only for malfeasance and should in that indictment specify several different acts, either one of which would be sufficient, if proven, to support the charge of malfeasance in office, the indictment will not be duplicitous within the meaning of the rule, and the rights of defendant are not prejudiced thereby. The offense here charged while denominated malfeasance in office, is alleged to have been committed by the justice of the peace willfully and corruptly failing and refusing to report and account for money collected on fines. The gist of the offense is the willful and corrupt failure of the defendant to account for moneys because it was lawful for him to assess the fines and collect the money, and he was guilty of no offense until he willfully and corruptly failed to report the fines and account for the money. The failure to report to the Harlan circuit court and pay the money to the proper officer was but one offense, although the justice of the peace may have had many fines in his hands which he failed to report at that time. If he should fail to report a part of the fine against A, and a part against B, and wholly fail to report the fine against C, he was guilty of malfeasance in office for which he may have been indicted, embracing all of said acts, and he may have been indicted for three separate offenses, but the Commonwealth having elected to indict him for one offense, and to introduce evidence of the three acts upon a trial of the one indictment, it is concluded thereby, but the defendant is not prejudiced, each act being only evidence of the charge, malfeasance in office. The instructions given by the court to the jury exactly follow the indictment, and since the indictment was not defective, the instructions are not prejudicial.

No error to the prejudice of appellant appearing, the judgment is affirmed.