## Newton v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Pulaski Circuit Court.

1.  Intoxicating Liquors—Sufficiency of Evidence.—Evidence held sufficient to sustain the verdict finding the defendant guilty of having whiskey in possession for sale.
2.  Intoxicating Liquors—Evidence—Prejudice.—Evidence of previous purchase of whiskey by the prosecuting witness from an unknown person in a pool room operated by another in the same house in which defendant conducts a hotel, held incompetent, and its admission prejudicial where the other evidence was nearly evenly balanced and the court advised the jury it might be considered as evidence that defendant had whiskey on hand at the time charged in the indictment.
3.  Criminal Law—Argument of Counsel.—Argument of counsel, based upon facts not disclosed by the record, improper.

WM. WADDLE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The defendant, Sylvester Newton, charged with having spirituous liquor in his possession for the purpose of sale, was tried and convicted, the punishment imposed being a fine of $200.00 and confinement for 30 days in the county jail.

For reversal he complains of the refusal of the court to sustain his motion for a directed verdict, the admission of incompetent evidence, that the verdict is flagrantly against the evidence, and that his objections to the argument by the attorney for the Commonwealth before the jury were improperly overruled.

The Commonwealth introduced but one witness, C. A. Shoun, the substance of whose testimony is that a short time before the finding of the indictment he purchased a pint of whiskey from a man he did not then know, in the pool room operated in the same building as is the hotel conducted by the defendant; that a few days thereafter he was introduced to the defendant and then recognized him as the person from whom he had purchased the whiskey.

It is contended by the defendant that the witness was not positive in his identification of the defendant as the

man that sold him the whiskey; that the witness only said that he believed or supposed or guessed it was Mr. Newton. While it is true that the witness expressed himself thus uncertainly in some instances, it is also true that later when asked, "Do you know who is was?" answered, "I think it was Mr. Newton," and when asked, "Is there any doubt in your mind as to it being him?" replied, "No, I don't think so." In our judgment this evidence was amply sufficient to carry the case to the jury and, despite the contradictory testimony of defendant and another, to sustain the verdict.

The evidence admitted over defendant's objection, and which it is now insisted was incompetent and prejudicial, consists of statements by Shoun that upon several occasions previous to the one involved he had purchased whiskey in this same pool room from a person or persons unknown to him at that time and also when he was testifying. There was no evidence for the Commonwealth that the defendant operated or controlled the pool room, or that he or any employe of his in the course of his employment, or otherwise, made any of these previous sales, and the defendant's testimony that the pool room was not operated by him but by another is uncontradicted.

It, therefore, seems clear to us that this evidence of previous sales to the witness by some unknown person in a pool room, not shown to have been operated by or under the control of the defendant, had no evidential value whatever against the defendant, and that its admission for any purpose against him was error. That it was necessarily prejudicial when as here the competent evidence was almost evenly divided also seems clear to us, and this is especially so since under the admonition of the court the jury were authorized to consider it "as evidence that Newton had whiskey on hand at the time" charged in the indictment, whereas evidence of independent and separable offenses is never admissible to prove the commission of the criminal act charged, but merely to establish the identity, criminal knowledge, intent or motive of the accused. Bullington v. Commonwealth, 192 Ky. 529, 236 S. W. 961.

The statements in the argument by counsel for the Commonwealth to which objections are interposed are:

"The defendant's attorney has told you that you should not convict upon the testimony of the prosecuting witness alone. You brought in a verdict of conviction in

J. L. Johnson's case, and this defendant should receive the same treatment.''

"You, gentlemen of the jury, have done a wonderful work. You have convicted all of the low-down, trifling scoundrels and poor country devils, and if you do not convict Newton because he owns a three-story brick hotel, you and the court will be rightfully criticised and censured, and all the good work you have done will go for naught; that the good people are patting you on the back for your good work in other cases you have tried, and you should keep it up and send Newton today along with the poor, trifling scoundrels to jail as you have done in other cases.''

The objection to the first of these statements was sustained and the jury admonished not to consider it. Thereupon the attorney for the defendant moved to set aside the swearing of the jury and continue the case, and it is now insisted that the statement was so highly prejudicial to the defendant that its exclusion and the admonition of the court were insufficient to relieve the minds of the jury of its baleful influence, but to this contention we cannot give our assent.

The objection to the latter statement of the Commonwealth's attorney quoted above was overruled, and in this we think the court erred, not only because there is no evidence to support it, but more especially because it is obviously but an impersonal reiteration and amplification of the statement already excluded by the court, which it is conceded was an improper one.

Whether this, too, was prejudicial we need not decide, since a reversal must be ordered because of the incompetent testimony admitted.

Judgment reversed with directions for a new trial consistent herewith.