## Sneed v. Commonwealth.

(Decided January 13, 1931.)

840

W. N. FLIPPIN for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Albert Sneed was convicted in the Pulaski circuit court of the offense of grand larceny. and sentenced to the penitentiary for a year and a day.

On this appeal from the judgment of conviction, he insists (1) that the demurrer to the indictment should have been sustained; (2) his motion for a peremptory instruction should have been sustained; (3) the instructions are erroneous; (4) the evidence is insufficient to sustain a conviction; (5) the admission of incompetent evidence.

The insistence that the demurrer should have been sustained to the indictment is based on the ground that it does not allege the ownership of the property, nor sufficiently describe the property to meet the requirements of sections 122 and 124 of the Criminal Code of Practice.

The language of the indictment in this regard is: "Car brass worth in the aggregate the sum of $24.10 the personal property of the shops of the Cincinnati, New Orleans & Texas Pacific Railway Company."

Manifestly the argument presented against the indictment leaves out of consideration section 128 of the Criminal Code, which is in this language: "If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, . . . or as to the owner of the property taken or injured or attempted to be injured, is not material."

The mere reading of the indictment, with this section of the Code in mind, shows that the language of the indictment sufficiently meets the requirements of the Criminal Code, for it must be admitted that if the words "the shops" had not been used, it would be specifically and unequivocally alleged therein that the car brass was the personal property of the Cincinnati, New Orleans & Texas Pacific Railway Company. The use of the words

"the shops" could not have misled the defendant in the preparation of the case for trial, nor in the presentment of his defense.

His insistence that his motion for a peremptory instruction should have been sustained is based on the same contention that the indictment fails to allege the name of the owner of the property, and also that the evidence fails to show the owner of the property alleged to have been taken.

In view of the conclusions we have stated as to the sufficiency of the indictment, and in view of the fact that the judgment appealed from must be reversed for the reasons hereinafter given, we do not deem it necessary to give further consideration to the motion for a peremptory instruction, as his reasons for his present contention in support thereof may not occur at another trial.

There were given by the court to the jury instructions covering both grand and petit larceny, reasonable doubt as to the degree of the offense, and reasonable doubt of his guilt. No complaint is made against them, except against the one covering grand larceny. It does not require the jury to find that the property alleged to have been taken was of the value of $20 or more. In the instruction on petit larceny, the jury was instructed to find him guilty of petit larceny, if they believed from the evidence that the property was of less value than $20. These instructions should be read together, and when so read there is no room for doubt that the appellant could not be found guilty by the jury of grand larceny, unless it believed from the evidence beyond a reasonable doubt that the brass was of the value of $20 or more. Moreover, there is no conflict in the evidence as to the value of the brass involved. Every witness who was asked about its value fixed it at $24.10 at Ferguson. We have stated in former cases the rule in such cases to be that, where there is no conflict in the evidence as to the value of the property, and it is shown to be of greater value than $20, then it is not error to fail to require the jury by the instructions to find from the evidence that it was of the value of $20 or more, before it may find the accused guilty of grand larceny. Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029.

A consideration of his complaint against the admission of incompetent evidence requires a summary of the evidence. It shows that at the time and place it is alleged the appellant committed the offense, that he and

another person, whose name is not disclosed by the record, were seen by two witnesses for the commonwealth, carrying two grass sacks of heavy weight, along a street in Ferguson; that defendant and his companion set them down once or twice to rest. Mrs. Heath, who lived nearby, left her home to go to the store to purchase some soda, going in the direction of appellant and his companion. They, when in a position to be observed by Mrs. Heath, hid the sacks by the side of the street. His companion secreted himself in a gulley. Appellant continued walking down the street in the direction of Mrs. Heath. Mrs. Heath and Homer New, a neighbor boy, went to the place where the sacks had been so hidden. She and the boy located the two sacks. Mrs. Heath opened them and discovered that the sacks were filled with brass rings and broken up pieces of brass. She and the boy dragged the two sacks to her home, where they emptied out part of their contents. On reaching home she says, she looked through a window and saw appellant return twice to where he and his companion had hidden the sacks; he seemed to be looking about as if searching for something. The New boy accompanied her home, and he testifies that he saw the appellant on one of these occasions, looking about as if he were looking for something.

Joe New, the father of Homer New, testifies that he was with his son and Mrs. Heath a portion of the time; that he saw appellant on the street near the store, going along the street; that he did not see appellant with the sacks or see him go to where the sacks were, but that he saw Mrs. Heath drag them in the direction of her home; he saw the brass after it was taken by her to her home.

Mrs. Heath says that she informed an employee of the Cincinnati, New Orleans & Texas Pacific Railway Company of the presence of the sacks at her home. He came for, and took, the sacks and their contents to the shops of the railway company, where the evidence shows they were weighed and found to contain 150 pounds of brass scraps.

Appellant's defense was a denial, except that he admitted that about the time of that day he was on that street, returning from the shops of the railway company where he had sought employment and failed to obtain it. He had been employed by the railway company for six or seven years, but for a short time previous had been out of employment.

The indictment under which he was tried was returned by the grand jury at the April term of court, 1930. It is alleged in it that the offense was committed in January, 1930. For the purpose of arresting appellant under this indictment, and for the offense charged therein, Deputy Sheriff Davis went to the residence of Valethea Price, at whose home appellant was at that time living. On this occasion on entering the back yard of this residence, and 30 or 40 feet to the rear thereof, he discovered 165 pounds of broken brass and rings of the same type and character as that for which appellant was indicted and tried in this case. He was permitted to testify for the commonwealth that he so found the 165 pounds of brass; that he recognized it as the property of the railway company; and that he took possession of it and turned it over to W. C. Hudson, one of the company's divisional storekeepers.

C. L. Winfrey testified that he was at the time special agent for the railway company; that he was present at the time Mr. Davis found the 165 pounds of brass at the place where appellant lived; that it was engine and car brass and weighed 165 pounds.

The record discloses that while Winfrey was testifying relative to the 165 pounds of brass, appellant entered an objection "to all the foregoing testimony in the record relative to the 165 pounds of brass and moves the court to exclude all such testimony." This objection and motion to exclude were both overruled, to which he saved exceptions. Before the testimony of this witness was concluded, the court admonished the jury in this language: "The court tells the jury that the testimony of this witness in reference to the 165 pounds of brass that was found back of defendant's home is competent in so far as it shows an intention, motive or plan on the part of defendant to commit larceny and for no other purpose."

The appellant complains of the admission of the evidence pertaining to the 165 pounds of brass and also of the admonition of the court to the jury in regard to it. There is merit in his first contention, and our consideration of it makes it unnecessary to give further consideration of his objection to the court's admonition to the jury.

The testimony is silent as to the length of time that elapsed from the time appellant and his companion are alleged to have been observed by Mrs. Heath and Homer

New carrying the two sacks of brass, to the time the deputy sheriff found at the residence where appellant was at the time residing, in the rear of which the 165 pounds of brass was found by the deputy sheriff.

Furthermore, the testimony fails to, and does not, connect in point of time the stealing of the 150 pounds of brass with the stealing of the 165 pounds of brass, if either were in fact stolen. No connection is shown on the part of appellant with the 165 pounds, except that he resided at that residence at the time he was arrested. It does not show or tend to show that both or either the 150 or the 165 pounds of brass was taken or carried away in the execution of or pursuant to a plan, system, or scheme on the part of appellant and some other person, or at all. The identity of the accused was not disputed, and if he was taking and carrying away the 150 pounds of brass and conducting himself relative thereto, as narrated by witnesses for the commonwealth, his motive and intent both were thereby manifested. It is a rule of general application that on the trial of a criminal case that the commonwealth should not be permitted to introduce evidence showing that the accused had committed other crimes than the one for which he is being tried. But there are certain well-defined exceptions to this general rule under which the perpetration of other crimes may be shown by the commonwealth to establish (1) identity; (2) motive; (3) intent; (4) guilty knowledge; (5) a plan, system, or scheme of perpetrating crime; (6) to cover up previous crime or the evidence of a crime for which he is at the time being tried; (7) or a crime, the proof of which is so interwoven as to be inseparable from the crime for which he is being tried, that the evidence of the two acts cannot be separated.

The general rule and the exceptions thereto have been so often stated and applied by us in previous cases, a thorough and just consideration and disposition of this case do not call for a more extended statement of these exceptions and the reasons we have so often assigned in stating same. Morse v. Com., 129 Ky. 294, 111 S. W. 714, 33 Ky. Law Rep. 831, 894; Moore v. Com., 188 Ky. 505, 222 S. W. 934; Clary v. Com., 163 Ky. 48, 173 S. W. 171; Kirby v. Com., 206 Ky. 535, 267 S. W. 1094; Thomas v. Com., 194 Ky. 491, 239 S. W. 776; Newton v. Com., 195 Ky. 764, 243 S. W. 1031.

Suffice it to say that, under our pronouncement of the rule and the exceptions thereto, the guilt of accused

may not be shown by evidence of other previous or subsequent crimes, but another crime or crimes may be shown by the commonwealth solely for a purpose clearly within the purview of some one or more of the exceptions to the general rule. The testimony permitted to be heard against defendant in relation to the 165 pounds of brass is within the inhibitions of the general rule. It was not competent under any of the exceptions thereto, and it should not have been permitted to go to the jury.

Appellant complains because the commonwealth was permitted to introduce evidence as to the value of the brass when attached to and used on the engines and other other machinery. There was no evidence offered or tending to show that it was taken from the engines or other machinery by the appellant or any one acting in consert with him. The criterion of value in such cases and that to which the evidence should be confined was the value of the brass in its condition at the time and place it was taken possession of by accused. Eaton v. Com., 235 Ky. 466, 31 S. W. (2d) 718.

For the reasons indicated, the judgment is reversed, and cause remamded for proceedings consistent with this opinion.