## Kelly v. Commonwealth.

(Decided March 3, 1931.)

C. B. SPICER and J. B. SNYDER for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Roscoe Kelly was indicted for the murder of a colored man named T. B. Phelps, convicted of manslaughter, and condemned to serve a sentence of fifteen years' imprisonment. He has prosecuted an appeal from the conviction, insisting that he was prejudiced by the erroneous admission and exclusion of evidence and by an unfair argument addressed to the jury.

An abridged statement of the ultimate facts which the testimony tended to show will suffice for a decision on the merits.

On a Sunday afternoon in March, Kelly was seen in Cloversplint in an intoxicated condition. He inquired of Pearl Eldridge about several people, and then asked, "Do you know where that negro is I had trouble with?" The witness answered in the negative, and Kelly said he was going to kill a negro in two hours. Kelly then proceeded on his way, and, as he passed Hays Short, discharged his pistol. He then continued towards the home of T. B. Phelps. Hays Short confirmed the testimony of Eldridge. Other witnesses testified that Kelly went to the

home of Phelps, called him out of the house, and shot him to death. Three bullet wounds were found on the body of Phelps. Kelly then ran away from the scene and was soon apprehended. His defense was that he went to Phelps to buy liquor, got into an argument with him over paying for it, and had to shoot Phelps in defense of himself.

It is argued that the testimony of Eldridge and Short was incompetent on the grounds that it was not a part of the res gestae and conduced to prove other offenses for which he was not upon trial. It is further argued that the threat mentioned by Eldridge was not proper to be proven, because it was general and not directed at the one who became his victim. The argument is palpably unsound. The statement by Kelly was made within an hour before the shooting, and it was possible for the jury to find that he had Phelps in mind when he made the threat. His conduct on the way to the scene of the crime, his intoxicated condition, mental attitude, and the incidents of the occurrence were necessary to be known in order to understand and appreciate the nature and quality of his act. Ellis v. Com., 146 Ky. 715, 143 S. W. 425. The fact that it may manifest the commission of other crimes does not militate against the propriety of its admission upon the trial of the pending charge. Duvall v. Com., 225 Ky. 827, 10 S. W. (2d) 279; Browder v. Com., 232 Ky. 205, 22 S. W. (2d) 615; Gross v. Com., 151 Ky. 87, 151 S. W. 36; Garman v. Com., 183 Ky. 455, 209 S. W. 528; Morgan v. Com., 188 Ky. 458, 222 S. W. 940; Wooton v. Com., 200 Ky. 588, 255 S. W. 153; McQueen v. Com., 196 Ky. 227, 244 S. W. 681; Simmons v. Com., 210 Ky. 33, 275 S. W. 369. The opinions in the cases cited sufficiently elucidate the rules respecting the admissibility of evidence so connected with a case on trial as to be inseparable from it, and require no further elaboration.

It is argued that the court erred in regulating the admission of evidence for the defense. The theory of appellant was that he was in pursuit of liquor and not of Phelps, and that the court erred in limiting appellant to his own purchase of liquor from Phelps, and in refusing to permit him to prove that others had done likewise. The discussion takes a wider range than the facts in the record warrant. The witness who was asked about the matter had testified fully to everything that had occurred at the time of the killing. He was asked upon cross-

examination if he had seen Phelps sell liquor to Kelly at the corner of the house. The court sustained an objection to the inquiry. The witness had seen the liquor fall out of Kelly's pocket as he ran away from the scene of the shooting. But it does not appear that he knew where it was obtained. He had discussed the entire transaction in detail, and it is apparent that the objection was sustained because it was cross-examination upon an independent subject that did not elucidate the facts adduced by the witness. He gave a meticulous description of the acts of Phelps and of Kelly on the occasion in question, and the court not improperly limited the cross-examination. Cf. Alford v. U. S., 75 L. Ed. ——, decided February 24, 1931.

A number of other witnesses testified to the same transaction, and all contradict appellant's testimony that he bought the whisky from Phelps and got into an altercation with him, resulting in the shooting. Under such circumstances it is manifest that the court did not err to the prejudice of appellant in' sustaining the objection.

The other insistence is that the court did not permit appellant to prove his general character and reputation, and his reputation for truth and veracity. Again the appellant argues a question not presented by the actual ruling of the court. The defendant was permitted to prove his general reputation for peace and quietude, and also his general moral reputation. But the court sustained an objection to a question respecting appellant's general reputation for truth and honesty. The court had gone as far in admitting proof as to the general character of the appellant as the authorities authorize. Com. v. Ashcraft, 224 Ky. 203, 5 S. W. (2d) 1067; Combs v. Com., 160 Ky. 386, 169 S. W. 879; Pickelseimer v. Com., 217 Ky. 608, 290 S. W. 498.

It is further insisted that certain testimony in rebuttal should have been introduced in chief. The defendant testified that he purchased the pint of liquor from Phelps. Until that time it was not necessary or proper to prove the fact that Kelly had the liquor in his possession before he visited Phelps. Thereafter it was proper to show in rebuttal that Kelly had the whisky in his possession before he went to the residence of Phelps. The evidence was not intended to impeach the credibility of Kelly as a witness, but it was designed to disprove his testimony. The testimony was substantive evidence, and no admonition to the jury as to its character was

requested or required. Other rebuttal testimony subjected to the same criticism is justified by like consideration.

Finally, it is argued that counsel especially employed in the case had improperly argued to the jury the effect of certain evidence. The bill of exceptions makes no mention of the matter. The transcript of evidence contains certain motions made after the argument was concluded to exclude statements made in argument. The court overruled the motions, and no error was involved in that ruling. The argument was proper, as it dealt with the testimony of the witnesses and did not transcend the limits of proper argument. Cooksey v. Com., 235 Ky. 454, 31 S. W. (2d) 703. It is apparent from what has been said that the appellant had a fair trial, and no substantial grounds for a reversal of the judgment are manifested by the record.

The judgment is affirmed.