## Canada v. Commonwealth.

(Decided January 19, 1932.)

72

J. B. JOHNSON and B. B. SNYDER for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The appellant, John Canada, Sr., and three other persons were indicted, charged with the crime of malicious shooting and wounding another with intent to kill. He asked for a separate trial, which was granted him. On his trial he was convicted and his punishment fixed at two years in the penitentiary. He prosecutes this appeal,

urging as grounds for reversal, error in (a) overruling the demurrer, and in overruling his motion for continuance; (b) the admission of incompetent evidence; (c) refusal to admit competent evidence; (d) error in instructions to the jury.

The indictment contains three counts, one stating formally the essential and necessary facts constituting the crime of malicious shooting and wounding another with intent to kill; another charging combining and confederating to commit the crime; and the third, aiding and abetting his codefendants in its commission.

It is argued that the indictment fails to charge that the shooting and wounding was done maliciously. This contention is without merit. The indictment charges that the act of shooting and wounding was willfully and maliciously committed. It sufficiently meets the requirements of sections 122, 124, and 136, Criminal Code of Practice, to charge the crime denounced by section 1166, Ky. Statutes.

The indictment charges two offenses in that it avers that the appellant and his codefendants willfully and maliciously shot and wounded Margaret Canada and John Canada, Jr. with intent to kill them.

Section 126, Criminal Code of Practice requires that the indictment for such crime must charge but one offense. In Commonwealth v. Browning, 146 Ky. 770, 143 S. W. 407, we had before us an indictment wherein the defendant was charged with the crime of maliciously shooting and wounding another with intent to kill. The same defendant was charged in a second indictment with malicously shooting and wounding still another person by the same shot which wounded the person named in the first indictment. It was held that the conviction of the defendant under the first indictment for shooting and wounding the one, was not a bar to the prosecution against him for maliciously shooting and wounding another named in the second indictment, although the two were shot and wounded at the same time and by one and the same bullet by the single discharge of defendant's pistol. Keeton v. Com., 92 Ky. 522, 18 S. W. 359, 13 Ky. Law Rep. 748.

Under the authority of Browning v. Com., supra, it is our view that the indictment herein charging appellant and his codefendants with the crime of malicious shooting of Margaret Canada and John Canada, Jr.

stated two offenses within the meaning of section 126, Criminal Code of Practice.

Section 168, Criminal Code of Practice provides that:

> "If the indictment improperly charges more than one offense, the attorney for the Commonwealth may dismiss one of them, and thereupon the demurrer shall not be sustained on that ground."

The commonwealth may elect at the time or before the demurrer is sustained (Davis v. Com., 201 Ky. 300, 256 S. W. 429), or an election may be made after the demurrer has been sustained. Cartwright v. Com., 196 Ky. 6, 244 S. W. 55.

The commonwealth's attorney made no election. The court improperly overruled the appellant's demurrer to the indictment, but it will be seen from what we shall hereafter say in respect to this subject that the error of the court was cured by the instructions given to the jury, and that this error was not prejudicial to the substantial rights of the appellant and affords no grounds of reversal.

The appellant entered a motion for a continuance. The record presents other inescapable grounds of reversal, and inasmuch as the grounds for continuance here presented may not exist on another trial, if one should be had, we do not deem it required of us to discuss the action of the court in refusing the continuance.

The admission of the alleged incompetent evidence and the refusal of the court to admit competent evidence present the decisive questions.

To properly consider them, a summary of the evidence is required. The appellant and John Canada, Jr. and Margaret Canada are related. They reside within a short distance of each other. At the time of the commission of the crime with which the appellant is charged, John Canada, Jr. and Margaret Canada occupied the same residence. John Canada, Jr. on the evening before the commission of the alleged offense was plowing in a garden near this residence. It is claimed by witnesses for the Commonwealth that appellant, with Clifford Canada, about 3 or 4 o'clock in the afternoon, passed near the garden in which John Canada, Jr. was plowing and there engaged in threatening John Canada, Jr. and used vile epithets in reference to him and Margaret Canada

and also declared he would get them "out that very night." Shortly thereafter, John Canada, Jr. claims he, in company with Jim Canada, met the appellant in a hollow near the home of Margaret Canada, and that the appellant drew a gun on him (John, Jr.), and that he and Jim Canada took, by force, the gun from him. Shortly after this, the appellant passed the home of Robert Canada with a shotgun, where he engaged in shooting. It is shown that after these occurrences the appellant went to a store at Clio where cartridges were purchased. He returned from the store to his barn, near his home, where his son and his codefendants were. A schoolhouse is located about equidistant between the home of appellant and that at which John Canada, Jr. and Margaret Canada, resided. Within a few minutes after appellant returned to his barn, the witnesses for the commonwealth claim they saw the appellant and his codefendants near the schoolhouse from which they advanced toward the home of Margaret and John Canada, Jr. and began shooting. It is claimed by the witnesses for the commonwealth that, both with shotguns and pistols, a great many shots were fired toward, and into, the house. John Canada, Jr. and Margaret Canada claim they saw and recognized the appellant and his codefendants at the time of the shooting. Margaret Canada received eight shots in her person, "ranging from the middle of her knee or middle of her leg to the end of her nose." John Canada, Jr. received eleven shots ranging "from the knee up to the top of his head." "They were about No. 5 shot."

It is insisted that neither paragraph 2 of the indictment, which charges appellant and his codefendants with banding and confederating together for the purpose of committing the crime, nor paragraph 3 which charges them with aiding and abetting in the commission of the crime, states facts sufficient to constitute a public offense. Conceding this to be true, the first paragraph of the indictment is sufficient to warrant the admission of the evidence showing a conspiracy to commit the crime and to show that the crime was committed by aiding and abetting in its commission. Paragraph, or count, 1 of this indictment is sufficient, without paragraphs 2 and 3, if the evidence sustained it, to authorize the giving to the jury instructions on the theory of a conspiracy, and also aiding and abetting. Ray v. Com., 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297; Crenshaw v. Com., 227 Ky. 223, 12 S. W. (2d) 336; Deaton v. Com., 211

Ky. 651, 277 S. W. 1001; Fletcher v. Com., 239 Ky. 506, 39 S. W. (2d) 972; Webb v. Com., 220 Ky. 334, 295 S. W. 154.

In Crenshaw v. Com., supra, nine defendants were charged as principals with the commission of the crime of murder. The indictment contained no charge of conspiracy or of aiding and abetting. On the joint trial the nine defendants were convicted; seven of them prosecuted an appeal. We held that evidence was properly admitted by the trial court to establish a conspiracy by the defendants to commit the crime, and the judgment of conviction was affirmed. Miller v. Com., 78 Ky. 15, 39 Am. Rep. 194, and Morgan v. Com., 188 Ky. 458, 222 S. W. 940; Skillian v. Com., 206 Ky. 586, 268 S. W. 299; Owens v. Com., 181 Ky. 378, 205 S. W. 398. See the more recent case of Fletcher v. Com., supra.

In Ray v. Com., supra, the indictment charged two defendants as principals with the crime of robbery. It contained no charge of conspiracy. The evidence abundantly established a conspiracy. The convicted defendant, Ray, was shown to be absent from the county in which the crime was committed at the time it was alleged to have been committed. It was held that the indictment was sufficient to inform the defendant on trial that he was accused of entering into a conspiracy with his codefendant to commit the crime of robbery. The court instructed the jury on the theory that the crime charged was committed in pursuance to, and in execution of, the conspiracy and while the same existed. This court approved the instructions and affirmed the judgment of conviction.

In Webb v. Com., supra, Deaton v. Com., supra, and Short v. Com., 187 Ky. 279, 219 S. W. 165, the rule was stated that one indicted along with a codefendant as principal may be convicted as aider and abettor, although it was not alleged in the indictment that the defendant on trial was an aider and abettor in the commission of the crime. Evidence of a conspiracy or of aiding and abetting, where two or more defendants are charged as principals in the commission of the offense, is but evidence of the means of the commission of the crime charged in the indictment. Crenshaw v. Com., supra, and Ray v. Com., supra. The Code of Practice which requires that the crime charged in the indictment be in ordinary and concise language in such manner as to enable a person of

common understanding to know what is intended, is sufficiently complied with by charging in the indictment the defendants as principals committed the crime, without adding a count, or paragraph, charging the same principals with a conspiracy to commit it, or with aiding and abetting each other in its commission. This rule is more in conformity with the just and reasonable administration of the criminal law than the technical rule of the common law.

Applying the rules here stated and followed in the cases supra, the appellant has no grounds of complaint, even if paragraph 2 insufficiently charges a conspiracy, and even if paragraph 3 inadequately charges the commission of the crime by aiding and abetting. The instructions given by the court are correct, and have been approved by this court in many cases.

While the indictment charged the appellant and his codefendants with willful and malicious shooting and wounding John Canada, Jr. and Margaret Canada, and for this reason, as we have stated, the demurrer should have been sustained, yet the instructions to the jury authorized it to find the appellant guilty if it believed as set out in the instructions that appellant and his codefendants shot and wounded John Canada, Jr. By confining the jury to the shooting and wounding of John Canada, Jr., the instructions cured the error of the court in overruling the demurrer to the indictment, although it charged appellant and his codefendants with two offenses, i. e., the willful and malicious shooting and wounding of John Canada, Jr. and willfully and maliciously shooting and wounding Margaret Canada.

No evidence of any conduct or statements of his codefendants prior or subsequent to the beginning of the shooting, from which John Canada, Jr. was shot and wounded, was offered or heard on the trial of appellant. Evidence of his own conduct and statements, as well as evidence showing his possession of the shotgun shortly before the act of shooting and wounding of John Canada, Jr., was permitted to be heard by the jury. Evidence showing the acts of appellant in his alleged attempt to shoot John Canada, Jr. in the garden, his statements accompanying this act, and his having possession of the gun at the time it is claimed it was taken from him, as well as at the time it is claimed he fired one at or near the home of Robert Canada, was competent to show

his intent or motive to commit the crime, his possession of a gun with which to commit it, and his indentity at the time and place of the actual shooting and wounding of John Canada, Jr. Music v. Com., 186 Ky. 45, 216 S. W. 116; Newton v. Com., 195 Ky. 764, 243 S. W. 1031; Eagle v. Com., 223 Ky. 178, 3 S. W. (2d) 212; Cook v. Com., 232 Ky. 613, 24 S. W. (2d) 269; Kelly v. Com., 237 Ky. 690, 36 S. W. (2d) 344; Sneed v. Com., 236 Ky. 838, 34 S. W. (2d) 724.

Even though the evidence complained against by appellant was not competent under the general applicable rule, its admission was authorized by two or more of the exceptions thereto as they were applied in the cases supra, and empitomized in Sneed v. Com., supra. While the appellant objected to the admission of this testimony, no request was made to the court to admonish the jury of the purpose for which it might consider such evidence, which the court doubtless would have given to the jury if he had been requested so to do.

If the witnesses of the commonwealth are to be believed, the conduct of the appellant and his codefendants shows that they were acting at the time in concert and in pursuance of a common purpose, with a predetermination to do the act of shooting of John Canada, Jr. and Margaret Canada. Their actions establish their intent, as well as a conspiracy, and aiding and abetting each other, sufficient to authorize the giving to the jury instructions on conspiracy to commit, and aiding and abetting in the commission of the crime of willfully and maliciously shooting and wounding John Canada, Jr.

The appellant complains that the instruction authorizing his conviction, if the act of shooting John Canada, Jr., was committed in pursuance of a conspiracy, is prejudicial, because the word "malicious" or "maliciously" was not used in it. Instruction No. 4 defines the word "maliciously" and also the word "conspiracy." If the shooting and wounding of John Canada, Jr., was done in pursuance to, and in the execution of, a conspiracy and while the same existed, neccessarily it was the result of a predetermination to do the act of shooting and wounding without cause or legal excuse, which was another way of telling the jury that it must be "maliciously" done.

The appellant insists there should have been given to the jury an instruction on shooting in sudden affray

or sudden heat and passion, and also on assault and battery. The appellant and his codefendants testified in his behalf. They denied their presence at the place of, and participation in, the crime. Their testimony disclosed no facts to reduce or tending to reduce the offense to sudden affray or sudden heat and passion or assault and battery. If the appellant and his codefendants had remained off the stand, then this contention of appellant might present a question worthy of consideration, but with their testimony in the case there is no merit in it. The identity by the commonwealth's witnesses of the appellant at the time and place it is claimed by the commonwealth's witnesses that he was present and participated in the commission of the crime, and the ability of these witnesses to identify him on account of the darkness of the hour, are not only denied but vigorously challenged by the appellant and his witnesses. To corroborate him and his witnesses, John Canada, Jr. was asked if he did not state to certain witnesses in the presence of certain persons that it was dark; that he was in the house; that there was a light in the house; and that he could not see and did not know who did the shooting. Margaret Canada was asked substantially the identical question. Thereupon the appellant offered evidence to show that both John Canada, Jr., and Margaret Canada had made these statements to, and in the presence of, certain persons. The court refused to permit the evidence to be heard by the jury. Proper objections were made and exceptions saved to the ruling of the court. This evidence was vitally material in behalf of the appellant and the action of the court refusing its admission was predjudicial to his substantial rights. It impeached the testimony of John Canada, Jr. and Margaret Canada. It is true that collateral or irrelevant evidence which merely affects the weight of the testimony or credibility of a witness may not be rebutted. Kennedy v. Com., 14 Bush, 340; Summers v. Howell, 7 Ky. Law Rep. 668; Feltner v. Com., 64 S. W. 959, 23 Ky. Law Rep. 1100; Barnes v. Com., 179 Ky. 725, 201 S. W. 318; Word v. Com., 151 Ky. 527, 152 S. W. 556; Harris v. Com., 226 Ky. 584, 11 S. W. (2d) 410; Eaton v. Com., 230 Ky. 250, 19 S. W. (2d) 218; Hayden v. Com., 140 Ky. 634, 131 S. W. 521. But the evidence appellant sought to have admitted is not governed by this rule.

The rules applicable to the testimony offered to impeach John Canada, Jr. and Margaret Canada, are

stated in sections 597 and 598, Civil Code of Practice. Thomas v. Com., 195 Ky. 623, 243 S. W. 1; Crawford v. Com., 235 Ky. 368, 31 S. W. (2d) 618; Dowell v. Com., 237 Ky. 56, 34 S. W. (2d) 946; Bentley v. Com., 200 Ky. 246, 254 S. W. 752; Mulligan v. Com., 202 Ky. 841, 261 S. W. 616.

We recently reversed Crawford v. Com., supra, which was tried in the Whitley circuit court. The same error was made on the trial of that case as the one complained of here. Adhering to our rule in that case the present one must be reversed. This is the second case we have reversed because of the same error by the same trial court. Slight familiarity with the Code should prevent such frequent repetition of this error.

Luther Lawson was asked by the appellant if he did not propose "to make a mighty good witness" for the appellant if he was paid $25. The witness answered the question in the negative. The appellant offered to prove that the witness had made the proposition to another. The court sustained an objection and refused to permit the witness to answer it. Evidence of this type should not be excluded on the ground that it relates to a collateral or irrelevant matter, affecting the credibility of the witness, since it also tends to show a willingness and corrupt motive on the part of the witness to testify falsely. Cornelius v. Com., 54 Ky. (15 B. Mon.) 539; Hoover v. McCormick, 197 Ky. 509, 247 S. W. 718; Sparks v. Com., 193 Ky. 180, 235 S. W. 767.

The appellant complains of the refusal of the court to grant him a new trial on newly discovered evidence. It is unnecessary to consider this question, as same ground may not exist on another trial.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.