## Hilger v. Commonwealth.

(Decided April 18, 1933.)

JESSE K. LEWIS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

Appellant was convicted of the crime of burning a building, not a parcel of a dwelling house, as defined by section 1168 of the Kentucky Statutes, and sentenced to serve six years in the penitentiary. It is argued on this appeal that the trial court should have peremptorily instructed the jury to find the defendant not guilty, and that the instructions are erroneous.

The appellant was jointly indicted with John Hilger, Jr., Clyde Hilger, Granville Morgan, and Marvin Hale for the burning of S. M. Hilger's barn on the night of November 2, 1932. Appellant and S. M. Hilger are cousins, and bad feeling has existed between the two families for several years. Jeff Richardson and Oscar Thomas, neighbors of appellant, went to the latter's home just before, or shortly after, dark on the night the barn was burned and remained there until about midnight. Soon after they arrived appellant said to each of them: "If you have any friends, keep them in the clear, there is going to be a light in the west." S. M. Hilger lived about one mile west of appellant's home. Appellant also requested Richardson and Thomas to remain at his home as he might need them as witnesses to prove that he was at home on that night. When Thomas arrived appellant was about fifty yards below the house with Marvin Hale and George Kennedy. Kennedy had been living at the Hilger home. Hale and Kennedy left, and an hour or two later, or about 9 p. m., the barn was burned. About 11 p. m. Kennedy and Hale appeared at the home of Charles

Hilger, a brother of appellant who lived four or five miles from the scene of the crime. Kennedy told Charles Hilger that he had burned S. M. Hilger's barn. Kennedy was carrying nitroglycerin or some other explosive substance, and while he was at Charles Hilger's an explosion occurred and Kennedy was killed and Hale was injured. Hale then went to the home of John Broomfield, an uncle of appellant, and early the next morning appellant and his brothers, Clyde Hilger and John Hilger, Jr., appeared at the Broomfield home and one of them said to Hale, "The law will be here in a few minutes," and Hale was advised to leave. He did leave accompanied by one of the Hilgers.

There is no evidence that appellant actually set fire to the barn or was present when the crime was committed, but there is ample evidence that a conspiracy was formed to commit the crime, that appellant was one of the conspirators, and that the crime was committed pursuant to the conspiracy and while it existed. The indictment charged appellant and his codefendants as principals, but the evidence warranted an instruction on conspiracy. Ray v. Commonwealth, 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297; Canada v. Commonwealth, 242 Ky. 71, 45 S. W. (2d) 834; Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337.

Instruction No. 1 authorized the jury to find the appellant guilty if they believed that he or either of his codefendants set fire to and burned the barn of S. M. Hilger. This instruction authorized a conviction though appellant was not present at the scene of the crime and no conspiracy existed. The instruction was prejudicially erroneous and on another trial will be omitted. There is no evidence that appellant was present when the crime was committed, and instruction No. 3, which is the one on conspiracy, should be modified so as to authorize a conviction if the jury believe from the evidence beyond a reasonable doubt that any of his codefendants, in pursuance of the conspiracy and while it existed, if it did exist, set fire to and burned the barn of S. M. Hilger. The court also will give an instruction defining "conspiracy." Alsept v. Commonwealth, supra.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial.