## Hilger v. Commonwealth.

(Decided May 1, 1934.)

118

A. C. JARVIS and JESSE K. LEWIS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Bill Hilger has been convicted of the crime of maliciously burning a barn, the property of S. M. Hilger, and his punishment fixed at imprisonment for six years. John Hilger, Clyde Hilger, Granville Morgan, and Marvin Hale were also named as defendants in the indictment. This is the second appeal of the case. On the first trial appellant was found guilty and given the same punishment, but on appeal the judgment was reversed because of error in instructions. See Hilger v. Commonwealth, 248 Ky. 576, 59 S. W. (2d) 533.

Since the evidence on the last trial is the same as that given on the first trial, and the material facts are set out in the opinion on the former appeal, reference to that appeal saves the necessity of a detailed statement of the evidence.

As grounds for reversal it is argued: (1) That the court committed prejudicial error in admitting incompetent evidence over the objections of appellant; and (2) that the evidence is not sufficient to establish a conspiracy. Since, as already indicated, the evidence is in all material aspects the same as given on the former trial, and the court in the former opinion decided the last question argued contrary to appellant's contention, that is now the law of the case. In that opinion it is said:

"There is no evidence that appellant actually set fire to the barn or was present when the crime was committed, but there is ample evidence that a conspiracy was formed to commit the crime, that appellant was one of the conspirators, and that the crime was committed pursuant to the conspiracy

and while it existed. The indictment charged appellant and his codefendants as principals, but the evidence warranted an instruction on conspiracy. Ray v. Commonwealth, 230 Ky. 656, 20 S. W. [2d] 484, 66 A. L. R. 1297; Canada v. Commonwealth, 242 Ky. 71, 45 S. W. [2d] 834; Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. [2d] 337.''

As to the first ground, it is argued that the court erred in permitting the prosecuting witness S. M. Hilger to testify as to other offenses committed by appellant and members of his immediate family in no way connected with the offense charged in the indictment. Pete Hilger, father of appellant, and the father of the prosecuting witness are brothers, and the evidence discloses that ill feeling had existed between the families for a number of years before the commission of the alleged crime. In testifying as to the bitter feeling between the members of the two families, the prosecuting witness was permitted to go into detail as to specific acts and circumstances out of which the ill feeling grew. Some of this evidence related to the burning of his father's barn two months or so before the burning of his barn and to a difficulty in which some member of Pete Hilger's family shot at the father of the witness.

We have carefully examined the record in the first appeal, and find that, while the evidence is the same, the evidence of S. M. Hilger was given in narrative form in the bill of exceptions, and no reference made to any objections or exceptions thereto. If the record in the former appeal had shown exceptions were saved to the evidence complained of on this appeal, appellant would be precluded by that opinion, since it would be a question that might have been raised on that appeal. But, be that as it may, it is apparent from a reading of all the evidence that the error, if any, with respect to the admission of this evidence, was not prejudicial to appellant. The witness did not testify that appellant or any member of Pete Hilger's family burned his father's barn, but merely that a controversy arose at the time which indicated feelings of animosity existing between members of the two families, and the same may be said with reference to the evidence relating to the shots fired at his father.

Generally speaking, evidence of other offenses or transactions in no way connected with the one for which

the accused is being tried is incompetent, but there are exceptions to this rule which are as well established as the rule itself. On the trial of one standing accused of crime, evidence relating to other offenses may be admitted to establish (1) identity; (2) motive; (3) intent; (4) guilty knowledge; (5) plan, system, or scheme of perpetrating crime; (6) to cover up previous crime or the evidence of the crime for which he is being tried; (7) or a crime, the proof of which is so interwoven as to be inseparable from the crime for which he is being tried, that the evidence of the two acts cannot be separated. Sneed v. Commonwealth, 236 Ky. 838, 34 S. W. (2d) 724; Crutchfield v. Commonwealth, 248 Ky. 704, 59 S. W. (2d) 983; Holmes v. Commonwealth, 241 Ky. 573, 44 S. W. (2d) 592.

Manifestly, the evidence complained of comes within the one or more exceptions to the general rule as above stated. If the prosecuting witness had been permitted merely to say that the feeling toward him was bad, appellant would be arguing with equal earnestness and more consistency that such evidence was mere conclusion or opinion of the witness without fact or foundation to support it.

Even if a doubt should remain as to the competency of the evidence called in question by appellant, we would still be unauthorized to reverse the judgment, since the evidence offered to establish the guilt of accused is direct, positive, and convincing in its nature, and there is no escape from the conclusion that the verdict would have been the same if there had been no reference in the evidence to other acts of appellant and other members of his family.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.