## Kesterson v. Commonwealth.

(Decided May 15, 1934.)

288

S. D. STEMBRIDGE for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Leonard Kesterson appeals from a seven-year sentence for robbery.

For the commonwealth, Beeler Moore testified in substance as follows: On the evening of August 11, 1932, he was returning from town where he had taken a load of watermelons. Just before sundown he was stopped by three men. One of them, Ed Mathis, stepped in front of the mules. Leonard Kesterson then came out of the weeds and covered him with a gun and told him to get out. He declined to get out, and Leonard then took hold of his sleeve, jerked him out of the wagon, backed him up against the wagon wheels, and hit him over the head with a pistol, and Ed Mathis came around and took his money, amounting to $4.45. They were all disguised, but the handkerchief which Leonard had on his mouth dropped down when Leonard jerked him from the wagon. He knew Leonard and Mathis and recognized both of them. On the other hand, both appellant and Mathis denied that they were present on the occasion of the alleged robbery, and appellant testified that he was out of the state. There was also read in evidence his affidavit for a continuance to the effect that M. A. Adams and wife, who lived in Arkansas, would, if present, testify that appellant boarded with them at the time of the alleged robbery and had not been in the state of Kentucky for more than 10 months. He also proved by a few of his neighbors, who lived near his home, that they did not see him around at or near the time of the robbery.

In view of the conclusion of the court it will not be

necessary to determine whether a continuance was improperly denied.

Over his objection appellant was compelled to answer the following questions:

"Q. What year was it you were tried at Clinton for breaking into a store?

"Q. What year was it you broke jail?

"Q. What year was it you were accused of breaking into Barbee's warehouse up there in the bottom?

"Q. What year was it you shot your brother and killed him up there?"

The other crimes which appellant was required to confess did not tend in the least to identify him as the perpetrator of the crime in question, or to show motive, intent, guilty knowledge, or a plan, system, or scheme of perpetrating crime. There was no evidence that the crime in question was committed for the purpose of covering up one of the previous crimes, or that any one of the previous crimes was so interwoven with the crime of robbery that evidence of the two acts could not be separated. On the contrary, the other crimes were separate and distinct offenses, and not related to or connected with the robbery in any manner whatsoever. It is therefore apparent that the case does not fall within the exceptions to the general rule that evidence of other offenses separate and distinct from the crime for which the accused is being tried is not admissible. Kirby v. Commonwealth, 206 Ky. 535, 267 S. W. 1094; Sneed v. Commonwealth, 236 Ky. 838, 34 S. W. (2d) 724.

In rebuttal the commonwealth proved that appellant's mother died on July 16, 1932, and was also permitted over appellant's objection to prove by Goalder Johnson, sheriff of Clinton county, that since that time he and other officers had received information that appellant was in the "bottom," the place where appellant lived, and had been up there after him several times. Joe Wahl, a deputy sheriff, was also permitted to testify to the same effect. This evidence was offered for the purpose of showing that appellant was at home in Clinton county at the time of the robbery. Neither witness testified to seeing him there at that time. The sum total of their evidence is that they and other officers re-

ceived information that appellant was at home. All that this means is that somebody told them that appellant was at home. What they were told by others was pure hearsay, and should not have been admitted.

The commonwealth was also permitted over appellant's objection to show in chief by two witnesses that on the evening of the robbery prosecuting witness came by their houses and told them that he had been robbed by appellant and Ed Mathis. The commonwealth cannot bolster up its own witnesses by proof of statements made to others after the crime was committed. Such evidence also comes within the hearsay rule and should have been excluded.

Though having a criminal record, appellant was entitled to a fair trial. A conviction based in part on hearsay evidence, and other crimes which should not have been admitted in evidence, does not come up to that standard.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.